79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie James ROBINSON, Plaintiff-Appellant,
v.
Joseph ARPAIO; Cox, Sgt., Defendants-Appellees.
 No. 95-15949.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie James Robinson, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of County Sheriff Joseph Arpaio and Sergeant Cox in Robinson's 42 U.S.C. section 1983 action, alleging that the defendants were deliberately indifferent to his serious medical needs when his aluminum splint, prescribed for a dislocated finger, was confiscated on two occasions. We have jurisdiction pursuant to 28 U.S.C. section 1291, and we affirm in part, reverse in part, and remand.
 
 
 3
 We review de novo a district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Prison officials may manifest a deliberate indifference to serious medical needs when they "deny, delay or intentionally interfere with medical treatment." Id. To defeat defendants' motion for summary judgment as to Cox, Robinson must present evidence to raise a genuine issue of fact as to whether Cox was aware of the risk of harm to Robinson when he confiscated the splint. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). "Whether a prison official had the requisite knowledge of a substantial risk [is] a question of fact subject to demonstration in the usual ways, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 1981.
 
 
 4
 Robinson contends that the district court erred by granting summary judgment for Cox because Robinson presented evidence that Cox was aware of the risk of harm. Specifically, Robinson alleged in his verified complaint that "any reasonable person would have known the Plaintiff would be irrevocably harmed by the action of non-medical staff to alter a course of medical treatment without first consulting with the attending Physician." The defendants provided no evidence regarding the alleged obviousness of the risk.
 
 
 5
 Because a genuine issue of material fact exists as to whether Cox knew of the substantial risk of harm to Robinson because of the risk's obviousness, we reverse the district court's grant of summary judgment at to Cox. See Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 6
 Robinson also contends that the district court erred by granting summary judgment for Arpaio. This contention lacks merit. Because Robinson failed to present evidence showing that Arpaio personally participated in the alleged deprivation or failed to perform an act which he was legally bound to do, see id. at 633, the district court properly granted summary judgment for Arpaio, id. at 631.
 
 
 7
 The parties shall bear their own costs on appeal.
 
 
 8
 AFFIRMED in part, REVERSED in part, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3